UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL BRANDNER, JR.                                CIVIL ACTION

VERSUS

STATE FARM MUTUAL                                    NO.: 17-00454-BAJ-RLB
AUTOMOBILE INSURANCE CO., ET
AL.

## RULING AND ORDER

Before the Court is the **Motion to Transfer (Doc. 31)** filed by Defendant, State Farm Mutual Automobile Insurance Co. ("State Farm"), seeking to transfer this action to the Eastern District of Louisiana. Plaintiff, Michael Brandner, Jr., opposes the motion (Doc. 51). Oral argument is not necessary. For the following reasons, the Motion to Transfer is **GRANTED**.

I.  **BACKGROUND**

Plaintiff, and his two daughters, all residents of Jefferson Parish, Louisiana, were involved in a vehicular accident in Jefferson Parish. (Doc. 1-4 at ¶ 3; Doc. 31-1 at p. 2). Defendant, Mirna Velasquez, a resident of Orleans Parish (Doc. 27 at pp. 2–3), allegedly struck the rear of Plaintiff's vehicle while it was at a complete stop. (Doc. 1-4 at ¶¶ 5–7). Plaintiff brought negligence claims in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, (*Id.* at p. 1), which Defendants removed to the Middle District of Louisiana, (Doc. 1). Defendants subsequently filed this motion to transfer the case to the Eastern District.

Jury

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." First, the district court must determine "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (per curiam). Second, the district court must determine whether transfer is warranted "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

A district court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)). In seeking to change venue, the movant must show "good cause" for the transfer by establishing that the transferee "venue is clearly more convenient than the venue chosen by the plaintiff." *Id.* at 315. "The 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.* To make this determination, the United States Court of Appeals for the Fifth Circuit requires consideration of several private and public interests factors. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and

inexpensive.'" *Id.* (quoting *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004)). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F. 3d at 203). These factors are "not necessarily exhaustive or exclusive" and "none . . . can be said to be of dispositive weight." *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

### III.  DISCUSSION

#### A.  Initial Determination

As an initial matter, the Court must determine whether the Eastern District is a venue where the action could have been brought initially. *See* 28 U.S.C. § 1404(a). Section 1391(b)(2) provides that "[a] civil action may be brought . . . in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." All events giving rise to this negligence action occurred in the Eastern District of Louisiana; therefore, the Court will proceed to the next step and determine whether the proposed forum is "clearly more convenient." *See Volkswagen II*, 545 F.3d at 315.

### B. Private Interest Factors

#### 1. *Ease of access to sources of proof*

The first private interest factor, ease of access to sources of proof, weighs in favor of transfer. The accident site and the physical evidence relating to the accident are in the Eastern District. *See Rivers v. Union Pac. R.R.*, No. 16-CV-673, 2017 WL 379447, at *2 (M.D. La. Jan. 26, 2017) (Brady, J.). Although Plaintiff argues that two Defendants, Nautilus and State Farm, have their principal place of business in the Middle District, (Doc. 51 at p. 3), it appears that this statement is incorrect. Both Nautilus and State Farm are out-of-state defendants, and only maintain their designated agents for service of process in Baton Rouge, pursuant to Louisiana law. (*See* Doc. 1-4 at ¶ 1).

#### 2. *Ability to secure the attendance of witnesses*

Both the Middle District and Eastern District wield equal subpoena power; therefore, this factor is neutral. *See Volkswagen I*, 371 F.3d at 205 n.4; *Util. Constructors, Inc. v. Liberty Mut. Ins. Co.*, No. 15-CV-501, 2016 WL 4033977, at *7 (M.D. La. July 25, 2016) (deGravelles, J.).

#### 3. *Cost of attendance for willing witnesses*

This factor weighs in favor of transfer because most of the fact and expert witnesses are located closer to the Eastern District courthouse than the Middle District of courthouse. "'[W]hen,' as here, 'nearly all of the nonparty [and party] witnesses that will testify concerning disputed issues reside elsewhere, this factor weighs in favor of transferring the case.'" *Util. Constructors, Inc.*, 2016 WL 4033977,

at *8 (quoting *Frederick v. Advanced Fin. Solutions, Inc.*, 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007)). This Court has previously held that when the vast majority of witnesses are located in the Eastern District, this factor weighs in favor of transferring the case from the Middle District to the Eastern District. *Id.*

### 4. All other practical problems

This factor appears neutral, as neither party has demonstrated any factors unique to this case that would favor one venue over the other. Defendants' only argument references the travel of expert witnesses, (Doc. 31-1 at p. 8), which was considered as the third private-interest factor.

In sum, two of the four private interest factors weigh in favor of transfer to the Eastern District, while the other two factors are neutral.

### C. Public Interest Factors

Three of the public interest factors are neutral. The administrative difficulties factor does not favor either party. Although Defendants aver that the Eastern District has more judges, and therefore is more capable of trying this case quickly, (Doc. 31-1 at p. 9), Defendants provide no evidence from which the Court can say this factor weighs in favor of the Eastern District. *Util. Constructors, Inc.*, 2016 WL 4033977, at *8. Furthermore, neither the familiarity of the forum with the law that will govern the case nor the avoidance of unnecessary problems of conflict of laws favors one venue over the other.

However, the second factor—the local interest in having localized interests decided at home—weighs heavily in favor transferring the case to the Eastern

District. The accident occurred in the Eastern District, the witnesses to the accident reside in the Eastern District, the treating physicians and first responders all live and work in the Eastern District, and the Plaintiff and non-corporate Defendant all reside in the Eastern district. Therefore, "[t]his case's center of gravity is indisputably in the [Eastern District]." *Rivers*, 2017 WL 379447, at *3; *see also Volkswagen II*, 317–18. Plaintiff counters that this factor does not weigh in favor of the Eastern District because "[e]very person in Louisiana has an interest in the proper interpretation of [Louisiana law]." (Doc. 51 at p. 8). However, the Fifth Circuit rejected a similar argument in *Volkswagen II*. *Se* 545 F.3d at 318 (holding that the key consideration is "those actually affected—directly or indirectly—by the controversies and events giving rise to a case"). Here, the residents of the Eastern District have a "local interest in having [this] localized dispute decided at home." *Util Constructors, Inc.*, 2016 WL 4033977, at *9 (quoting *Goldstein v. RadioShack Corp.*, No. 06-CV-285, 2007 WL 1342533, at *4 (E.D. Tex. May 1, 2007)).

Ultimately, this case involves a routine vehicle collision that occurred within the Eastern District between residents of the Eastern District. The Middle District has just one contact with this action: Defendants' authorized agents for service of process are located in the Middle District. All other parties, witnesses, and physical evidence are located in the Eastern district. Therefore, the Eastern District is a clearly more convenient venue. *See Volkswagen II*, 545 F.3d at 315.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to transfer (Doc. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is transferred to the Eastern District of Louisiana.

Baton Rouge, Louisiana, this 19th day of January, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**