UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BRANDNER, JR.,**<br>    **Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 18-982** |
| **STATE FARM MUTUAL AUTOMOBILE**<br>**INSURANCE COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E" (4)** |

## ORDER

Before the Court is Plaintiff Michael Brander's motion for leave to file his Third Supplemental and Amending Complaint.[1] The motion is opposed.[2] Plaintiff has filed a reply.[3] For the following reasons, the motion is **DENIED**.

## BACKGROUND & PROCEDURAL HISTORY

This matter stems from an August 25, 2016 automobile accident.[4] Plaintiff's initial petition for damages was filed on January 24, 2017 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[5] Plaintiff filed his First Amended and Supplemental Petition in the 19th Judicial District Court on May 10, 2017.[6] On July 14, 2017, Defendant Nautilus Insurance Company ("Nautilus") removed the case to the U.S. District Court for the Middle District of Louisiana pursuant to the court's diversity subject matter jurisdiction.[7] On July 25, 2017, Plaintiff filed a motion for leave to file a Second

---

[1] R. Doc. 123.
[2] R. Doc. 128.
[3] R. Doc. 131.
[4] R. Doc. 1-4 at 1–8.
[5] *Id.*
[6] R. Doc. 1-4 at 52–55.
[7] R. Doc. 1.

1

Amended and Supplemental Petition for Damages,[8] which Magistrate Judge Bourgeois denied, finding Plaintiff's attempt to add non-diverse defendants as parties "would be improper under the Federal Rules of Civil Procedure."[9]

On October 20, 2017, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a motion to transfer the matter to this Court arguing *forum non conveniens*,[10] which Chief Judge Jackson granted on January 22, 2018.[11] On March 16, 2018, Plaintiffs filed a motion for leave to file an amended and supplemental complaint,[12] which Magistrate Judge Roby denied as moot,[13] following State Farm's stipulating that "any causes of actions alleged against State Farm Mutual Automobile Insurance Company, in the plaintiff's proposed Second Supplemental and Amending Petition, will not be considered prescribed if asserted within one year of the conclusion of the current litigation."[14] Plaintiff filed the instant motion seeking leave to file a Third Supplemental and Amending Complaint on August 8, 2018.[15]

## **DISCUSSION**

In the active complaint, Plaintiff's First Amended and Supplemental Petition,[16] Plaintiff alleges he and his minor children suffered damages as a result of a car accident that occurred on August 25, 2016 between Plaintiff and Defendant Mirna Velasquez.[17] He seeks damages from: (1) Velasquez for her alleged negligence in causing the accident; (2) State Farm, as Velasquez's insurance carrier and Plaintiff's uninsured motorist carrier;

---

[8] R. Doc. 12.
[9] R. Doc. 26 at 7.
[10] R. Doc. 31.
[11] R. Doc. 58.
[12] R. Doc. 74.
[13] R. Doc. 95.
[14] R. Doc. 94 at ¶ III.
[15] R. Doc. 123.
[16] R. Doc. 1-4 at 52–55.
[17] R. Docs. 1-4 at 1–8, 52.

and (3) Nautilus, as Plaintiff's umbrella insurance carrier.[18] Plaintiff also alleges State Farm arbitrarily and capriciously denied portions of his claim and "failed to tender reasonable amounts" in bad faith.[19] In his proposed pleading, Plaintiff seeks to add two additional Defendants, State Farm agent Justin Stoll and ABC Insurance Company, and to assert new allegations of negligence, breach of insurance contract, bad faith, mistake, misrepresentation, and fraud against these proposed Defendants.

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[20] However, "a party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension" pursuant to Rule 16(b)(4) before the trial court may apply the more liberal standard set forth in Rule 15(a).[21] Four factors are relevant to a showing of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[22] The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case,"[23] or require the defendant to "prepare a defense for a claim different from the one before the court."[24]

---

[18] *Id.*
[19] R. Doc. 1-4 at 54.
[20] FED. R. CIV. P. 15(a)(2).
[21] *EEOC v. Service Temps Inc.*, 679 F .3d 323, 333–34 (5th Cir. 2012) (citing FED .R. CIV. P. 16(b)(4)); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[22] *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, No. 11-1659, 2014 WL 294574, at *1 (E.D. La. Jan. 27, 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003)).
[23] *Hebert v. Specialized Envtl. Res., LLC*, No. 12-71, 2013 WL 1288219, at *4 (E.D. La. Mar. 23, 2013).
[24] *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

In this case, the deadline for amendments to pleadings passed on March 26, 2018, more than four months before Plaintiff filed the instant motion.[25] Thus, Plaintiff is required to show good cause for his failure to timely file an amended pleading.[26] Plaintiff argues he only recently discovered Stoll is an independent State Farm agent and that it was Stoll, not Plaintiff, who "failed to inform State Farm that the Brandners [*sic*] main home [i]s in Metairie, LA," not in Tylertown, Mississippi.[27] Plaintiff contends that, as a result of Stoll's alleged "errors and omissions," several affirmative and alternative defenses are now available to State Farm.[28] According to Plaintiff, "the interests of justice require the requested amendment, as it is vital to Plaintiffs due process rights to present a prima facies [*sic*] case against all indispensable parties causing him and his family damages."[29]

The trial of this matter is set to begin on February 23, 2019.[30] The parties have undergone extensive discovery and motions practice since the case commenced on January 24, 2017. Plaintiff has failed to explain why the information he alleges is newly discovered was not available to him prior to the deadline for amendments to pleadings, nor has he demonstrated that the newly asserted claims are so important that the amendment is required. Moreover, Defendants will be greatly prejudiced by the amendment. Plaintiff's proposed complaint serves to fundamentally alter his active claims by adding two new Defendants and including new claims for fraud and misrepresentation against those proposed Defendants.[31] Allowing Plaintiff to bring these

---

[25] *See* R. Doc. 67 at 7; R. Doc. 123.
[26] *Fahim*, 551 F.3d at 348.
[27] R. Doc. 123-1 at 2.
[28] *Id.* at 2–4.
[29] *Id.* at 5.
[30] R. Doc. 67.
[31] *Hebert*, 2013 WL 1288219, at *4.

4

claims would undoubtedly require Defendants to "prepare a defense for a claim different from the one before the court."[32] The Court concludes that allowing the amended pleading would be unduly prejudicial to Defendants. Finally, a continuance will not cure such prejudice, as allowing the amendment will amount to considerable expense for Defendants and will jeopardize the current trial date. As a result, the Court **DENIES** Plaintiff's motion for leave to file his Third Supplemental and Amending Complaint.[33]

## **CONCLUSION**

**IT IS ORDERED** that Plaintiff Michael Brander's motion for leave to file his Third Supplemental and Amending Complaint be and hereby is **DENIED**.[34]

**New Orleans, Louisiana, this 6th day of September, 2018.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[32] *Smith*, 393 F.3d at 596.
[33] R. Doc. 123.
[34] R. Doc. 123.